## DE WITT HOPKINS AND OTHERS, PLAINTIFFS, *v.* DANIEL W. LANE AND VICTORY L. LANE, DEFENDANTS.

*Vendor and vendee — breach of warranty not bar to action unless goods are returned — knowledge of one joint purchaser that of all — Counter-claim — Prayer for relief — Code,* § 119.

When a note is given for property sold, and the property is retained by the vendee, who does not offer to return it, the defense of breach of warranty and of fraud can only be urged by way of counter-claim and in reduction of the amount due on the note, and not as an absolute bar of the right of action on it.

The knowledge of one of three joint purchasers, as to the condition of the merchandise sold, must be deemed that of all.

A counter-claim existing in favor of three persons jointly, cannot be set up in an action against one of them on his individual obligation.

The prayer for relief forms no part of the cause of action.

Question as to proper judgment to be rendered against defendants, when one party is made defendant, under section 119 of the Code, because of his refusal to be made party plaintiff, discussed.

EXCEPTIONS ordered to be heard in the first instance at the General Term, a verdict having been rendered for the plaintiff, under the direction of the court.

The plaintiffs were members of a voluntary association for the manufacture of cheese at Lincklaen, New York.

Thomas Hall and others were appointed a committee to sell the cheese made. The committee sold a quantity of cheese to Darius W. Benjamin, Quincey Matthewson, and the defendant, Daniel W. Lane, each paying severally for his own interest. The interest of Daniel W. Lane was paid for in part by a note, signed by Daniel W. Lane and Victory L. Lane (the latter being a member of the association), which note was as follows:

$796.62.　　　　　　　　　　　　　　LINCKLAEN, *Oct.* 26, 1867.

For value received, I promise to pay Thomas Hall or bearer, seven hundred and ninety-six dollars and sixty-two cents, 60 days from date, with interest after 30 days.

　　　　　　　　　Signed　　　　　　DANIEL W. LANE.
[5 cent Int. Rev.]　　　　　　　　　VICTORY L. LANE.

Daniel Lane failed to pay the note, and this action was brought by the plaintiffs (the members of the association), who, it was alleged in the complaint, were the real owners of the note; and Victory L. Lane (one of the members of the association), was made a party defendant, as was alleged in the complaint, because he refused to be made a party plaintiff. The plaintiffs demanded judgment against the defendants for $796.62, and interest and costs.

The defendants set up in their answer a breach of warranty as to the merchantable condition of the cheese, and damages therefrom in excess of the amount of the note.

The court directed a verdict for the plaintiffs against the defendants, for the sum of $897.25, the full amount of said note and interest, and that the exceptions be heard in the first instance at the General Term.

*L. B. Kern,* for the plaintiffs.

*E. H. Prindle,* for the defendants.

BOCKES, J.:

It does not appear from the papers in this case, that any reply was interposed by the plaintiffs to the counter-claims set up by the defendants in their answer. But no point was taken, based on any omission or imperfection in the pleadings, on either side, and the trial proceeded as if they were sufficient for the presentation to the court of every question raised. Therefore, neither party is now at liberty to urge the absence of a reply, or of any matter which could have been stated by way of reply, as ground of objection, or in answer to any objection considered and decided on the trial; for *non constat,* if an omission in that regard had been suggested, it would have been supplied and obviated at once by permission of the court. The case is free from all difficulties resting on questions of pleading.

It may be well here also to remark, preliminarily, that the matter of alleged defense for a breach of warranty and for fraud, can only be urged, in this case, by way of counter-claim, and in reduction of the plaintiff's claim on the note, and not as an absolute bar of the right

of action, inasmuch as the property sold was accepted and retained, or disposed of, by the vendees, without returning or offering to restore it to the vendors. We will now proceed to an examination of the case, on the exceptions sent here for our consideration.

The learned judge was unquestionably correct in holding that no right of recoupment was shown in this case. If a claim existed, either for a breach of warranty, or for fraud, it was in favor of Daniel W. Lane, Darius W. Benjamin and Quincy Matthewson, the vendees of the property. According to the allegations of the answer, as well as by the proof, the purchase of the cheese was by those persons jointly; and the damage, if any, for the alleged injury, accrued to them jointly. For aught that appeared, they remained the joint owners of such alleged claims. It could not, therefore, be allowed in reduction of the note in suit, made by Daniel W. Lane, as principal, and by Victory L. Lane, as his surety. Besides, the proof showed that one of the joint purchasers was well acquainted with the cheese at the time of its purchase and delivery, and had full knowledge of the matters pertaining to the subject of the alleged breach of warranty and fraud. His knowledge of the condition and quality of the property purchased, must be deemed the knowledge of all three. In this view, the alleged defense on those grounds failed; and the learned judge, for this reason as well as for that above suggested, was right in overruling those defenses.

Nor was the defense of misjoinder of parties plaintiff established by the proof. On the contrary, it was made to appear that the plaintiffs, with the defendant, Victory L. Lane, were united in interest in the action. They were proved to be joint owners of the note, as was averred in the complaint. Indeed, the case in all its parts, was made on the the trial, substantially, as it was stated in the complaint; and because it was reduced simply to questions of law, the judge directed the exceptions to be heard in the first instance at General Term, pursuant to section 265 of the Code, and judgment, according to the direction and authority of this section, must now be given.

The question, therefore, is, what judgment should be given on the facts stated in the complaint?

As regards the defendant, Daniel W. Lane, the principal debtor

on the note, the case seems free from all difficulty. The note in suit reads as follows: "*For value received I promise to pay,*" etc. It was, therefore, joint and several; and the action may be considered as one against the defendant, Daniel W. Lane, on his individual promise. In this view, Victory L. Lane was made defendant because, being a joint owner of the note with the plaintiffs, and thus united with them in interest, he refused to join with them in the prosecution of the demand.* The complaint admits of this view of the case, as it avers his joint interest with the plaintiffs in the note; charges that he was joint owner thereof with them, and states that he refused to be made a party plaintiff. On the trial also this was shown, or was assumed to be his position. His action throughout the entire suit was hostile to the prosecution of the demand; and no suggestion was made, at any time, of a want of proof that he had refused to join, as plaintiff, in the effort to enforce it. Therefore, as above stated, the case, on the pleading and proof, may be regarded as an action against Daniel W. Lane, on his individual promise; and, clearly, as to him, no defense whatever is established. Admitting that he had a claim jointly with Benjamin and Matthewson, who were his associates in the purchase, against the plaintiffs and Victory L. Lane, for the alleged breach of warranty, or for the fraud, such claim could not avail him in this action, based on his individual liability. The plaintiffs are entitled to judgment against the defendant, Daniel W. Lane, for the amount of the note with costs.

Now, as the case stood at the close of the trial, what judgment should have been awarded as regards the defendant, Victory L. Lane, who, it seems, is now deceased?

On the theory above suggested, that the action may be considered as against Daniel W. Lane on his individual promise. Victory L. Lane was made defendant on the record, not with a view to enforce a liability against him on the note, but because being united in interest with the plaintiffs, he refused to join them in the prosecution of the suit. True, the plaintiffs in the complaint demanded judgment against the *defendants,* for the amount of the note; but the prayer for relief formed no part of the cause of action, and, as was well said by Mr. Justice CADY, a party should

* Code, § 119.

not suffer at the hands of the court, because he did not know how to pray. The case must be considered on the facts, and the proper judgment should be rendered on them. So it is the same as if judgment had been demanded on the note against Daniel W. Lane, alone. All defenses having failed, the proper judgment to have been awarded at the close of the trial, in case it had then been directed as it might have been, was, that the plaintiffs recover against the defendant, Daniel W. Lane, the amount of the note, with costs ; but without prejudice to the rights of the plaintiffs as between themselves and Victory L. Lane, both as to his ultimate liability on the note, and as to the matters growing out of the manufacture and sale of the cheese, and the moneys arising therefrom. Perhaps Victory L. Lane should have been charged jointly with his co-defendant, with the costs of the action, inasmuch as he joined in a groundless defense; but that is of little moment at this stage of the case, Victory L. Lane being dead. Now, the judgment which would have been right at the close of the trial, should now be directed, in so far as is admissible under the altered circumstances of the case, growing out of the decease of several of the parties ; and should be in substance as above indicated. Such judgment. will, as it seems to me, be just to all parties. It will be effectual to enforce the liability of Daniel W. Lane, according to law on the facts in so far as they affect him, and will leave all matters between the plaintiffs and the personal representatives of Victory L. Lane, open for adjustment on all the facts as they shall be found to exist between them.

Whether or not a recovery in this action against Victory L. Lane (were he still living) for the full amount of the note could be maintained, it is here unnecessary to determine. But I am under the impression that no recovery could be had against him thereon, except for the balance which should remain, after deducting such portion of the claim as, on an accounting between the parties, should be found to be his just share. However, this question will not here be discussed.

Judgment herein is directed as follows : Judgment ordered against the defendant, Daniel W. Lane, for the amount of the note in suit, with costs ; but without prejudice to the rights of the surviving plaintiffs and the personal representatives of those who are

deceased as between themselves and the personal representatives of Victory L. Lane, now deceased, both as to the ultimate liability of the latter on said note, and as to the matters growing out of the manufacture and sale of the cheese specified in the pleadings and the moneys arising therefrom.

Present—MILLER, P. J., BOCKES and BOARDMAN, JJ.

Ordered accordingly.